IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1998 SESSION

FILED

September 16, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 01C01-9710-CC-00501 |
| Appellee, | ) | |
| | ) | Montgomery County |
| v. | ) | |
| | ) | Honorable John H. Gasaway, Judge |
| MELVIN KEITH BLACK, | ) | |
| | ) | (Probation Revocation) |
| Appellant. | ) | |

FOR THE APPELLANT:

Collier W. Goodlett
Assistant Public Defender
109 South Second Street
Clarksville, TN 37040

OF COUNSEL:

Michael R. Jones
District Public Defender
109 South Second Street
Clarksville, TN 37040

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0493

Timothy F. Behan
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37243-0493

John W. Carney, Jr.
District Attorney General
204 Franklin Street, Suite 300
Clarksville, TN 37040-3420

William M. Cloud, Jr.
Assistant District Attorney General
204 Franklin Street, Suite 300
Clarksville, TN 37040-3420

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

L. T. LAFFERTY, SPECIAL JUDGE

**OPINION**

The appellant, Melvin Keith Black, appeals as of right from the trial court's revocation of his probation sentence. The appellant contends the record is insufficient, as a matter of law, to support a revocation of probation. Based on our review of the briefs and the entire record in this cause, we conclude that this is an appropriate case for affirmance under Rule 20, Tennessee Court of Criminal Appeals.

On April 13, 1995, the defendant entered two pleas of guilty to the offenses of driving under the influence of an intoxicant before the Montgomery County Circuit Court. The trial court imposed sentences of eleven months and twenty-nine days to be run consecutively, and placed the defendant on probation for eleven months and twenty-nine days with a condition of forty-five days to be served on weekends.

On February 10, 1997, a violation of probation warrant was sworn out alleging several grounds including:

> a new arrest by Ofcr. L. Pearson on 10/07/96 for driving on a revoked license and leaving the scene of a traffic accident; failure to report that arrest to his probation officer; a new arrest on 10/29/96 by Ofcr. P. Ashby for driving under the influence, implied consent and driving on a revoked license; being out at a late or unusual hour at the time of that arrest; failure to report that arrest to his probation officer; failure to complete a DUI school; failure to complete educational requirements; failure to report weekly as directed since 08/28/96; failure to make satisfactory progress in the MRT program (no steps attempted); failure to pay fines and court costs totalling $3,040.42 at the rate of $100.00 per month ($500.00 paid as of 12/26/96); failure to pay probation fees totalling $240.00 as of 12/26/96.

Following a hearing on the merits, the trial court revoked the defendant's probationary status.

The revocation of probation is committed to the sound discretion of the trial court. *State v. Mitchell,* 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If the trial court finds by a preponderance of the evidence that a probation violation has occurred, it has the right to revoke probation and cause the probationer to commence the execution of judgment as originally entered. Tenn. Code Ann. §§ 40-35-310, -311(d). This Court will not find that a

trial court abused its discretion unless the record contains no substantial evidence to support the trial court's conclusion that the probation should be revoked. *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn. Crim. App. 1981). The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making the decision to revoke probation. *State v. Leach,* 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

The defendant did not submit a transcript of the revocation hearing to support his allegation of insufficient evidence to revoke his periods of probation.

On May 19, 1997, the trial court entered an order revoking the defendant's probation and finding the defendant had a hearing on the facts alleged in the violation warrant. Also, the order found the facts alleged in the violation warrant were proved by a preponderance of the evidence. Accordingly, based upon a reading of the entire record, the briefs of the parties, and the applicable law, this Court finds that the trial court's judgment should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

_____
L. T. LAFFERTY, SPECIAL JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
THOMAS T. WOODALL, JUDGE